Matter of Roman-Perez (2020 NY Slip Op 01065)





Matter of Roman-Perez


2020 NY Slip Op 01065


Decided on February 13, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2019-07944

[*1]In the Matter of Edmundo Roman-Perez, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1736099)



Application pursuant to 22 NYCRR 1240.10 by Edmundo Roman-Perez, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 29, 1981, to resign as an attorney and counselor-at-law.



Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Edmundo Roman-Perez, Brooklyn, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Edmundo Roman-Perez, has submitted an affidavit sworn to on June 27, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is the subject of an investigation conducted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts based on two complaints of professional misconduct filed against him. He further acknowledges that the allegations include misappropriation of client funds. In the first matter, he was retained by clients Benedetto Vieni, Joseph Vieni, and Salvatore Vieni to represent them in the sale of a home. He received a $150,000 down payment from the purchasers, which he deposited into his attorney trust account at Popular Bank. The respondent used the down payment to cover administrative costs of his office, and then, in or about April 2019, issued checks to the Vienis from the down payment knowing that there were insufficient funds in his account. With respect to the second matter, on October 22, 2018, he was retained by clients Jose Jorge Valdez and Belkys Josefina Valdez to represent them in the sale of residential property. He received a $135,000 down payment from the purchaser which he deposited into his escrow account. On or about March 2019, he issued two checks from the down payment in the amount of $65,600 each to Raymond L. Liebman, who was the qualified intermediary facilitating a 1031 exchange. The respondent issued those checks knowing there were insufficient funds in his account. He attests that he cannot successfully defend himself against the allegations of his above described professional misconduct.
The respondent acknowledges that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent consents to entry of an order by the Court, pursuant to Judiciary Law [*2]§ 90(6-a), directing (1) that he make monetary restitution to Benedetto Vieni, Joseph Vieni, and Salvatore Vieni in the amount of $150,000; (2) that he make restitution to Jose Jorge Valdez and Belkys Josefina Valdez in the amount of $135,000; and (3) that he reimburse the Lawyers' Fund for Client Protection for any award made to the above mentioned clients or any other individuals who filed or may file a claim against him.
The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that, pending the issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the respondent's application to resign be granted.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and IANNACCI, JJ.,concur.
ORDERED that the application of the respondent, Edmundo Roman-Perez, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edmundo Roman-Perez, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Edmundo Roman-Perez, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Edmundo Roman-Perez, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Edmundo Roman-Perez, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Benedetto Vieni, Joseph Vieni, and Salvatore Vieni, and/or Jose Jorge Valdez and Belkys Josephina Valdez; and it is further,
ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Benedetto Vieni, Joseph Vieni, and Salvatore Vieni, and/or Jose Jorge Valdez and Belkys Josephina Valdez, the respondent, Edmundo Roman-Perez, shall make monetary restitution to Benedetto Vieni, Joseph Vieni, and Salvatore Vieni in the amount of $150,000, and to Jose Jorge Valdez and Belkys Josephina Valdez in the amount of $135,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Benedetto Vieni, Joseph Vieni, and Salvatore Vieni, and/or Jose Jorge Valdez and Belkys Josephina Valdez, the respondent, Edmundo Roman-Perez, shall make partial monetary restitution to those individuals to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York, or by the Lawyers' Fund for Client Protection of the State of New York where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Edmundo Roman-Perez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court