Onyenwe v Hamernick (2020 NY Slip Op 04314)





Onyenwe v Hamernick


2020 NY Slip Op 04314


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-00513
 (Index No. 505870/14)

[*1]Felix A. Onyenwe, etc., appellant,
v
Dennis Peter Hamernick, respondent.


Melcer Newman PLLC, New York, NY (Jeffrey B. Melcer of counsel), for appellant.
Dennis Hamernick, sued herein as Dennis Peter Hamernick, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated November 28, 2018. The order granted the defendant's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Martin Schneier, J.H.O.) dated April 16, 2018, which granted the plaintiff's unopposed motion, inter alia, to strike the answer, and thereupon to vacate the note of issue.
ORDERED that the order dated November 28, 2018, is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated April 16, 2018, and thereupon to vacate the note of issue is denied.
In 2014, the plaintiff commenced this action against the defendant, inter alia, to recover damages for legal malpractice. Pursuant to a preliminary conference order dated July 6, 2015, the parties were to appear for depositions and to provide disclosure. By notice of motion dated December 11, 2015, the plaintiff moved, inter alia, to strike the defendant's answer for his willful failure to appear for his deposition. In an order dated January 15, 2016, the Supreme Court resolved the plaintiff's motion by directing the parties to appear for their depositions on certain dates and to respond to discovery demands. Thereafter, upon additional motions by the plaintiff, inter alia, to strike the defendant's answer, the court issued two more orders directing, inter alia, the defendant to appear for his deposition. By notice of motion dated January 5, 2018, the plaintiff again moved, inter alia, to strike the defendant's answer. In an order dated February 2, 2018, the court directed the defendant to appear for his deposition on or before March 9, 2018, and adjourned the plaintiff's motion to April 16, 2018. The court stated that the issue of preclusion would be addressed on the adjourned date. In an order dated April 16, 2018, the court granted the plaintiff's unopposed motion, inter alia, to strike the answer.
By order to show cause dated May 31, 2018, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated April 16, 2018, and thereupon to vacate the note of issue. The plaintiff opposed the motion. In an order dated November 28, 2018, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
In order to vacate his default in opposing the plaintiff's motion, inter alia, to strike the answer, the defendant was required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; 210 E. 60 St., LLC v Rahman, 178 AD3d 888, 889; Mollica v Ruzza, 151 AD3d 714; Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1031). Inasmuch as the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious opposition to the motion (see Turko v Daffy's, Inc., 111 AD3d 615, 617).
Accordingly, the Supreme Court should have denied the defendant's motion, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated April 16, 2018, and thereupon to vacate the note of issue.
CHAMBERS, J.P., MALTESE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court