Board of Mgrs. of Harborview Condominium v Goodman (2020 NY Slip Op 08030)





Board of Mgrs. of Harborview Condominium v Goodman


2020 NY Slip Op 08030


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-04603
 (Index No. 61962/17)

[*1]Board of Managers of Harborview Condominium, respondent, 
v
Paul Goodman, appellant.


Paul Goodman, New York, NY, appellant pro se.
Lehrman, Lehrman & Guterman, LLP, White Plains, NY (Mark A. Guterman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated September 14, 2018. The judgment, upon an order of the same court (Sam D. Walker, J.) dated March 30, 2018, granting the plaintiff's motion for leave to enter a default judgment against the defendant and denying the defendant's cross motion to compel the plaintiff to accept his answer, is in favor of the plaintiff and against the defendant in the total sum of $19,405.42.
ORDERED that the judgment is affirmed, with costs.
The defendant is a resident of a condominium unit managed by the plaintiff. In August 2017, the plaintiff commenced this action alleging that the defendant failed to pay approximately $7,200 in common charges associated with his condominium unit, and seeking to recover the balance owed and legal fees. The defendant was served with the summons and complaint by substitute service on August 17, 2017, and by personal service on September 11, 2017. After rejecting the defendant's answer, served on or about November 1, 2017, as untimely, the plaintiff moved, pursuant to CPLR 3215, for leave to enter a default judgment against the defendant. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3012(d) to compel the plaintiff to accept his answer as timely. In an order dated March 30, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. A judgment dated September 14, 2018, was entered in favor of the plaintiff and against the defendant in the principal sum of $19,405.42. The defendant appeals.
"In order to be entitled to enter a default judgment upon a defendant's failure to appear or answer the complaint, a plaintiff must submit evidence of service of the summons and complaint upon the defendant, evidence of a viable cause of action, and evidence of the defendant's default in answering or appearing" (Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp., 175 AD3d 1569, 1570; see CPLR 3215[f]). Here, the plaintiff satisfied these requirements (see Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652).
"A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (U.S. Bank N.A. v Crawford, 174 AD3d 762, 763). "The determination of what constitutes a [*2]reasonable excuse lies within the sound discretion of the trial court" (Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317).
In opposition to the plaintiff's motion, and in support of his cross motion, the defendant failed to offer a reasonable excuse for his delay in appearing or answering the complaint (see Wassertheil v Elburg, LLC, 94 AD3d 753, 753). The purported excuse that he miscalculated the deadline to answer the complaint is akin to an excuse of law office failure. "While a court has the discretion to accept law office failure as a reasonable excuse, such excuse must be supported by detailed allegations of fact explaining the law office failure" (Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; see CPLR 2005). Other than conclusorily asserting that he miscalculated the deadline to answer the complaint, the defendant offered no detailed allegations of fact to substantiate his claim (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887; Onewest Bank, FSB v Singer, 153 AD3d 714, 716; Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 814).
In any event, the defendant also failed to demonstrate the existence of a potentially meritorious defense (cf. Wise v Classon Vil., L.P., 172 AD3d 1444, 1446; Nakollofski v Kingsway Props., LLC, 157 AD3d 960, 961).
Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to enter a default judgment against the defendant and denying the defendant's cross motion to compel the plaintiff to accept his answer as timely.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court