Osmanovic v Barbato (2022 NY Slip Op 04731)

Osmanovic v Barbato

2022 NY Slip Op 04731

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-04704
2021-06217
2021-06266
 (Index No. 713391/19)

[*1]Parisa Osmanovic, etc., appellant, 
v
Antonieta Barbato, defendant, Sady Ribeiro, etc., respondent.

Tomkiel & Tomkiel, White Plains, NY (Matthew Tomkiel of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from three orders of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered June 22, 2021, June 23, 2021, and August 20, 2021, respectively. The orders, insofar as appealed from, granted those branches of the motion of the defendant Sady Ribeiro which were pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court entered November 2, 2020, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him, and for leave to serve a late answer.
ORDERED that the appeal from the order entered June 22, 2021, is dismissed, as that order was superseded by the order entered June 23, 2021; and it is further,
ORDERED that the appeal from the order entered June 23, 2021, is dismissed, as that order was superseded by the order entered August 20, 2021; and it is further,
ORDERED that the order entered August 20, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, and those branches of the motion of the defendant Sady Ribeiro which were pursuant to CPLR 5015(a)(1) to vacate so much of the order entered November 2, 2020, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him, and for leave to serve a late answer is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries against Antonieta Barbato and Sady Ribeiro by summons and complaint dated August 5, 2019. The complaint alleged that the plaintiff, Parisa Osmanovic, was the mother of A.O., a female infant age two years old. The complaint further alleged that on June 14, 2019, the infant was bitten by a dog owned by the defendants.
Ribeiro was purportedly served with the summons and complaint on August 8, 2019, [*2]when a process server delivered a copy of the summons and complaint to Jane Doe at an apartment in Astoria. In January 2020, the plaintiff moved pursuant to CPLR 3215 for a leave to enter a default judgment against the defendants. By order entered November 2, 2020, the Supreme Court granted the plaintiff's motion.
By order to show cause dated January 27, 2021, Ribeiro moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the order entered November 2, 2020, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him, and for leave to serve a late answer. Ribeiro failed to appear on the return date of the order to show cause and it was marked off of the court's calendar. By order to show cause dated March 1, 2021, Ribeiro again moved for the same relief. The plaintiff opposed Ribeiro's motion, arguing, among other things, that Ribeiro failed to proffer a reasonable excuse for his default and failed to demonstrate a potentially meritorious defense to this action.
By order entered August 20, 2021, the Supreme Court, inter alia, granted those branches of Ribeiro's motion which were pursuant to CPLR 5015(a)(1) to vacate so much of the order entered November 2, 2020, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him, and for leave to serve a late answer. The plaintiff appeals.
"A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Natanel v Plaza Ins. Co., 200 AD3d 890, 891; see Berganza v Pecora, 192 AD3d 743; Board of Mgrs. of Harborview Condominium v Goodman, 189 AD3d 1529, 1530-1531). "'Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau, 191 AD3d 662, 663-664, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877).
Here, Ribeiro failed to establish a reasonable excuse for his default in answering the complaint. Ribeiro failed to submit sufficient evidence to establish that the plaintiff agreed to extend his time to answer the complaint (see Jaffery v MacMillan & Webb Enters., Inc., 27 AD3d 422, 422; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 355), and failed to offer any explanation for his failure to appear in the action, answer the complaint, or move to vacate his default until approximately three months after the Supreme Court issued the order granting the plaintiff's motion for leave to enter a default judgment against him (see Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1318; Jing Shan Chen v R & K Realty, Inc., 148 AD3d 689, 691). In light of the foregoing, it is unnecessary to determine whether Ribeiro demonstrated the existence of a potentially meritorious defense (see Dove v 143 Sch. St. Realty Corp., 172 AD3d at 1318).
Accordingly, the Supreme Court should have denied those branches of Ribeiro's motion which were pursuant to CPLR 5015(a)(1) to vacate so much of the order entered November 2, 2020, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against him, and for leave to serve a late answer.
Ribeiro's remaining contention is without merit.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court