Yaghmour v Mittal (2022 NY Slip Op 05232)

Yaghmour v Mittal

2022 NY Slip Op 05232

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2020-08243
 (Index No. 517442/16)

[*1]Suad Yaghmour, appellant, 
v
Niranjan Mittal, et al., respondents.

The Law Office of Jason Tenenbaum, P.C., Garden City, NY, for appellant.
Alter & Barbaro, Brooklyn, NY (Troy J. Lambert of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for employment discrimination in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 27, 2020. The order granted the defendants' motion to vacate a judgment of the same court entered June 26, 2020, upon an order of the same court (Steven Z. Mostofsky, J.) dated October 31, 2018, granting the plaintiff's unopposed motion, inter alia, to strike the defendants' answer, and upon the defendants' failure to appear at an inquest on damages, and to reinstate their answer.
ORDERED that the order dated October 27, 2020, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendants' motion which was to reinstate their answer, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated October 27, 2020, is affirmed, without costs or disbursements.
In October 2016, the plaintiff commenced this action against the defendants, Niranjan Mittal and Niranjan K. Mittal, Physician, PLLC, to recover damages for employment discrimination on the basis of gender in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The defendants were served with the summons and complaint on October 17, 2016. The defendants retained attorney Edmundo Roman-Perez to represent them in the action. The parties stipulated to extend the time for the defendants to file an answer to December 5, 2016. On December 14, 2016, the plaintiff moved for leave to enter a default judgment against the defendants on the issue of liability due to their failure to timely file an answer. Pursuant to a so-ordered stipulation dated February 23, 2017, the plaintiff withdrew her motion and agreed to accept the defendants' late answer.
The parties appeared for a preliminary conference on May 9, 2017, and the defendants were directed and agreed to provide certain discovery by June 25, 2017. The parties appeared for a compliance conference on October 12, 2017, and the Supreme Court issued an order directing that depositions be held on or before December 15, 2017. The order warned that unjustified failure to comply with its terms would result in the striking of a pleading. Upon the defendants' failure to comply with the outstanding discovery, the plaintiff moved to strike the defendants' answer. In an order dated January 19, 2018, the court directed the defendants to comply with the outstanding [*2]discovery by certain dates. The defendants' attorney signed the order. Upon the defendants' failure to comply with the outstanding discovery, the plaintiff again moved to strike the defendants' answer. On consent of the parties, by order dated April 5, 2018, the court directed the defendants to fully comply with all of the plaintiff's discovery demands on or before May 5, 2018, and warned that the defendants' pleadings may be stricken upon further notice.
On June 26, 2018, the plaintiff again moved, inter alia, to strike the defendants' answer for noncompliance with discovery. In a final pre-note order dated July 24, 2018, the Supreme Court directed that discovery be completed by August 28, 2018, and the plaintiff's motion was adjourned to a later date. The defendants' attorney was present and agreed to the order. Thereafter, the defendants failed to comply with discovery and failed to oppose the plaintiff's motion. In an order dated October 31, 2018, the court granted the plaintiff's motion, inter alia, to strike the defendants' answer. The order with notice of entry was electronically filed and electronically served, as well as mailed to the defendants' attorney.
The plaintiff electronically filed an inquest note of issue and mailed it to defendants' attorney on November 15, 2018. The inquest was scheduled for September 23, 2019, but the defendants did not appear, and the matter was adjourned to November 14, 2019. The defendants again failed to appear on the adjourned date, and the inquest was held in their absence on November 14, 2019. The plaintiff filed a notice of settlement dated December 18, 2019, and served a copy electronically upon the defendants' attorney. The Supreme Court entered a judgment on June 26, 2020, awarding the plaintiff damages, attorneys' fees, and costs. The plaintiff electronically served the judgment on the defendants' attorney.
On July 10, 2020, the defendants, represented by new counsel, moved to vacate the judgment and to reinstate their answer, among other grounds, in the interest of substantial justice and pursuant to CPLR 5015(a)(1), contending that they had a reasonable excuse for their defaults and a meritorious defense to the action. In support of the motion, the defendants submitted proof that on February 13, 2020, four months before the judgment was entered against them, their former attorney was disbarred in relation to allegations that he misappropriated client funds in certain real estate transactions not involving the defendants (see Matter of Roman-Perez, 181 AD3d 138). In an affidavit submitted in support of the motion, sworn to on July 7, 2020, Mittal averred that he had not heard from his former attorney in more than a year, was unaware of the status of this action, and had not been informed by his former attorney of the outstanding discovery or the attorney's disbarment. The defendants argued, among other things, that the action was stayed as a matter of law upon their attorney's disbarment, and the Supreme Court improperly entered the judgment during the period of the stay. In an order dated October 27, 2020, the court granted the motion pursuant to CPLR 5015(a)(1) and in the interest of substantial justice. The plaintiff appeals.
CPLR 321(c) mandates that if an attorney "is removed, suspended, or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he [or she] appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs" (see Moray v Koven & Krause, Esqs., 15 NY3d 384, 388). "CPLR 321(c) protects the client by automatically staying the action from the date of the disabling event," and "judgments that are rendered in violation of the stay provisions of CPLR 321(c) must be vacated" (Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173, 176; see Moray v Koven & Krause, Esqs., 15 NY3d at 388-389; Duandre Corp. v Golden Krust Caribbean Bakery & Grill, 140 AD3d 481; Soldovieri v Flack, 106 AD3d 717, 719). Here, it is undisputed that the defendants' attorney was disbarred on February 13, 2020, and thereafter, the defendants were not served with 30 days' notice to appoint another attorney, and the Supreme Court did not grant leave to resume proceedings. Therefore, the automatic stay was in place when the judgment was improperly entered on June 26, 2020. Accordingly, the court properly granted that branch of the defendants' motion which was to vacate the judgment.
However, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was to reinstate their answer. CPLR 5015(a)(1) provides [*3]that a party may be relieved from an order, among other grounds, on "excusable default." In order to vacate their default in opposing the plaintiff's motion, inter alia, to strike their answer, the defendants were required to demonstrate a reasonable excuse for their default in opposing the motion and a potentially meritorious opposition to the motion (see JPMorgan Chase Bank, N.A. v Baptiste, 188 AD3d 848, 849-850; Onyenwe v Hamernick, 185 AD3d 1044, 1045; 210 E. 60 St., LLC v Rahman, 178 AD3d 888, 889).
The defendants failed to offer a reasonable excuse for their default in opposing the plaintiff's motion, inter alia, to strike their answer, which was made in June 2018. In his July 2020 affidavit submitted in support of the motion to vacate the judgment and to reinstate the defendants' answer, Mittal averred that he had not heard from his attorney in more than a year, but this did not address the period of time in 2018 when the plaintiff's motion was pending. Further, the defendants' speculation that their former attorney was engaged in misconduct at this time and had no intention of representing them in this action is not supported by the record, which shows that he appeared on their behalf in response to the plaintiff's motion on July 24, 2018, and agreed to complete discovery by August 28, 2018, in order to avoid the striking of the answer.
While law office failure may constitute a reasonable excuse for a default (see CPLR 2005), "it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Incorporated Vil. of Hempstead v Jablonksy, 283 AD2d 553, 553-554; see Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671-672). "[A] conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (White v Daimler Chrysler Corp., 44 AD3d 651, 651; see Eastern Sav. Bank, FSB v Charles, 103 AD3d 683, 684). Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the motion court, the movant must provide a detailed and credible explanation for the purported law office failure, and "where the record demonstrates a pattern of default or neglect, the default should be considered intentional and, therefore, not excusable" (Incorporated Vil. of Hempstead v Jablonksy, 283 AD2d at 554), and may properly be imputed to the client (see New York Vein Ctr., LLC v Dovlaryan, 162 AD3d 1056, 1058; Carillon Nursing & Rehabilitation Ctr., LLP v Fox, 118 AD3d 933, 934; Dimopoulos v Caposella, 118 AD3d 739, 741; Santiago v Santana, 54 AD3d 929, 930).
Here, the record establishes a pattern of neglect and failure to comply with the plaintiff's discovery demands and court orders directing such compliance. The defendants' assertions concerning their failure to oppose the plaintiff's motion, inter alia, to strike their answer were conclusory, undetailed, and uncorroborated, and insufficient to establish a reasonable excuse (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786; Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 677; Vizelter v Strogov, 170 AD3d 917, 918). Their attorney's disbarment more than 1½ years later does not provide a reasonable excuse for the failure to oppose the plaintiff's motion in 2018. Inasmuch as the defendants failed to demonstrate a reasonable excuse for their default in opposing the plaintiff's motion, CPLR 5015(a)(1) did not provide a ground for granting their motion, and there is no need to consider whether they offered a potentially meritorious opposition to the plaintiff's motion, inter alia, to strike their answer (see Onyenwe v Hamernick, 185 AD3d at 1045).
"In addition to the grounds set forth in section 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). Although the Supreme Court retains this inherent discretionary power, "this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692-693). Here, the defendants failed to provide any evidence that the order granting the plaintiff's motion, inter alia, to strike their answer was issued under any such circumstances.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to reinstate their answer.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court