1KB & MS, LLC v Happy Living Constr., LLC (2024 NY Slip Op 03023)

1KB & MS, LLC v Happy Living Constr., LLC

2024 NY Slip Op 03023

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08089
2023-05506
 (Index No. 508558/21)

[*1]1KB & MS, LLC, etc., respondent, 
v
Happy Living Construction, LLC, et al., appellants, et al., defendants.

Rodriguez-McCloskey PLLC, Brooklyn, NY (Yenisey Rodriguez-McCloskey of counsel), for appellants.
Gutman Weiss, P.C., Brooklyn, NY (Marc Illish of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose three mechanic's liens, the defendants Happy Living Construction, LLC, Happy Living Development, LLC, Happy Living W37th, LLC, Bespoke Harlem West, LLC, West 37th St, LLC, D Solnick Design and Development, LLC, and 834 Pacific Holdings, LLC, appeal from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated August 26, 2022, and (2) an order of the same court (Sharon A. Bourne-Clarke, J.) dated June 2, 2023. The order and judgment, among other things, upon an order of the same court (Joy F. Campanelli, J.) dated June 27, 2022, granting the plaintiff's motion for leave to enter a default judgment against the defendants Happy Living Construction, LLC, Happy Living Development, LLC, Happy Living W37th, LLC, Bespoke Harlem West, LLC, West 37th St, LLC, D Solnick Design and Development, LLC, and 834 Pacific Holdings, LLC, and denying those defendants' cross-motion, inter alia, to compel the plaintiff to accept their late answer, is in favor of the plaintiff and against the defendants Happy Living Construction, LLC, Happy Living Development, LLC, Happy Living W37th, LLC, Bespoke Harlem West, LLC, West 37th St, LLC, D Solnick Design and Development, LLC, and 834 Pacific Holdings, LLC, in the principal sums of $20,091.58, $27,390.37, and $28,164.54 with respect to the three mechanic's liens. The order dated June 2, 2023, denied that branch of the motion of the defendants Happy Living Construction, LLC, Happy Living Development, LLC, Happy Living W37th, LLC, Bespoke Harlem West, LLC, West 37th St, LLC, D Solnick Design and Development, LLC, and 834 Pacific Holdings, LLC, which was to vacate the order and judgment dated August 26, 2022, and, in effect, denied that branch of those defendants' motion which was for leave to renew their prior cross-motion, among other things, to compel the plaintiff to accept their late answer.
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that the order dated June 2, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose three mechanic's liens filed against three properties owned by the defendants Happy Living Construction, LLC, Happy Living [*2]Development, LLC, Happy Living W37th, LLC, Bespoke Harlem West, LLC, West 37th St, LLC, D Solnick Design and Development, LLC, and 834 Pacific Holdings, LLC (hereinafter collectively the defendants). The plaintiff served the summons and complaint upon the defendants by delivery to the Secretary of State and also mailed the summons and complaint to the defendants at their addresses listed with the Secretary of State. The defendants failed to appear or answer the complaint, and the plaintiff moved for leave to enter a default judgment against them. The defendants then cross-moved to extend their time to answer the complaint and to compel the plaintiff to accept their late answer. In an order dated June 27, 2022, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against the defendants and denied the defendants' cross-motion. The court entered an order and judgment dated August 26, 2022, in favor of the plaintiff and against the defendants in the principal sums of $20,091.58, $27,390.37, and $28,164.54 with respect to the three mechanic's liens. The defendants then moved to vacate the order and judgment and for leave to renew their prior cross-motion. In an order dated June 2, 2023, the court denied that branch of the motion which was to vacate the order and judgment and, in effect, denied that branch which was for leave to renew. The defendants appeal from the order and judgment and the order dated June 2, 2023.
A defendant moving pursuant to CPLR 5015(a)(1) to vacate a default in appearing or answering the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see Osmanovic v Barbato, 207 AD3d 732). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (M.V. v Applied Behavioral Mental Health Counseling, P.C., 219 AD3d 943, 944).
Here, the Supreme Court providently exercised its discretion in concluding that the defendants' excuse for failing to timely appear and answer the complaint was not reasonable. While the defendants, which are all limited liability companies, denied that they received the summons and complaint, service upon a limited liability company shall be complete when the Secretary of State, as their agent, has been personally served (see Limited Liability Company Law § 303[a]). The mere denial of receipt of the summons and complaint does not rebut the presumption of proper service through the Secretary of State as attested in the affidavits of service (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724). Furthermore, the defendants' unexplained failure to keep current addresses on file with the Secretary of State did not constitute a reasonable excuse (see Limited Liability Company Law § 301[c], [e][1]; Cruz v Keter Residence, LLC, 115 AD3d 700). The defendants also provided no support for their claim that limited in-person operations prevented them from receiving mail more than a year after the COVID-19 pandemic began.
Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense to the action (see Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315). Furthermore, since the defendants failed to demonstrate that they were entitled to vacatur pursuant to CPLR 5015(a)(1), the plaintiff's alleged failure to comply with the additional notice requirements of CPLR 3215 did not constitute a fatal defect (see Peck v Dybo Realty Corp., 77 AD3d 640).
Moreover, as the defendants failed to demonstrate that they did not receive actual notice of the summons and complaint in time to defend the action, they were not entitled to relief under CPLR 317 (see Capital Source v AKO Med., P.C., 110 AD3d 1026).
The Supreme Court also properly, in effect, denied that branch of the defendants' motion which was for leave to renew their prior cross-motion, inter alia, to compel the plaintiff to accept their late answer. "A motion for leave to renew. . . shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). Here, the defendants provided no justification for their failure to submit the additional facts at the time of the prior cross-motion, when those new facts were available at the time of the prior cross-motion. As mere neglect is not a reasonable justification for failing to present the alleged new facts on the prior cross-motion, the court providently exercised its discretion in, in effect, denying that branch of the defendants' motion which was for leave to renew (see Seegopaul v MTA [*3]Bus Co., 210 AD3d 715). Furthermore, the defendants failed to demonstrate that the new facts would have changed the prior determination (see id. at 716).
The parties' remaining contentions need not be addressed in light of our determination.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court