Raphael v City of Peekskill (2025 NY Slip Op 02616)

Raphael v City of Peekskill

2025 NY Slip Op 02616

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-04590
 (Index No. 61128/22)

[*1]Brian Raphael, appellant, 
v
City of Peekskill, New York, respondent.

Law Office of Peter Wessel, PLLC, New York, NY (Gergely Klima of counsel), for appellant.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh, Allison B. Fiut, and Christopher H. Feldman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for employment retaliation in violation of Civil Service Law § 75-b, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.) dated March 21, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer, and, thereupon, vacated an order of the same court dated December 14, 2022, granting the plaintiff's unopposed motion for leave to enter a default judgment.
ORDERED that the order dated March 21, 2023, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer is denied, and the order dated December 14, 2022, is reinstated.
In May 2022, the plaintiff commenced this action alleging that the defendant violated the Public Employee Whistleblower Protection Act (Civil Service Law § 75-b). The defendant failed to appear or answer the complaint. On July 19, 2022, after the time to appear or answer the complaint had expired, corporation counsel for the defendant sought an extension of time from the plaintiff to serve an answer. In response, the plaintiff's former counsel consented to the defendant serving an answer on or before July 22, 2022. However, the defendant failed to do so. Shortly thereafter, the plaintiff moved for leave to enter a default judgment. The defendant did not oppose the plaintiff's motion. In October 2022, while the plaintiff's motion remained pending and undecided, the defendant moved, inter alia, pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer.
In an order dated December 14, 2022 (hereinafter the default order), the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendant. In an order dated March 21, 2023, the court granted that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer, and, thereupon, vacated the default order. The plaintiff appeals from the order dated March 21, 2023.
A defendant seeking to compel the plaintiff to accept a late answer "must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" [*2](Wilmington Sav. Fund Socy., FSB v Cabadiana, 230 AD3d 831, 832 [internal quotation marks omitted]; see CPLR 3012[d]; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707). "Generally, the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court; however, reversal is warranted where the court improvidently exercises that discretion" (Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d 1281, 1282; see Dawkins v Isole, 206 AD3d 878, 879).
Here, the defendant failed to establish a reasonable excuse for its defaults based upon law office failure. "[T]he movant must provide a detailed and credible explanation for the purported law office failure" (Yaghmour v Mittal, 208 AD3d 1283, 1287). "[A] conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (id. [internal quotation marks omitted]). Here, the defendant's counsel asserted in a conclusory and undetailed manner that the initial deadline to serve an answer and the extension consented to by the plaintiff's former counsel were missed due to an office backlog and miscalendaring, and that the plaintiff's motion for leave to enter a default judgment was "misplaced" in the office (see Board of Mgrs. of Harborview Condominium v Goodman, 189 AD3d 1529, 1530-1531; Maldonado v Mosquera, 186 AD3d 1352, 1353; LaSalle Bank, N.A. v LoRusso, 155 AD3d at 707).
Since the defendant failed to provide a reasonable excuse for its defaults, it is not necessary to determine whether the defendant demonstrated a potentially meritorious defense to the action or a potentially meritorious opposition to the plaintiff's motion (see Wilmington Sav. Fund Socy., FSB v Cabadiana, 230 AD3d at 832-833; Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 837; U.S. Bank N.A. v Rauff, 205 AD3d 963, 965-966).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer, and, thereupon, should not have vacated the default order.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court