Montrose v Jean-Jacques (2025 NY Slip Op 06701)

Montrose v Jean-Jacques

2025 NY Slip Op 06701

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-06721
 (Index No. 26439/07)

[*1]Milford Montrose, respondent,
v
Solange Jean-Jacques, et al., appellants.

Law Offices of Michael J.S. Pontone, Esq., P.C., New York, NY, for appellants.
Fromartz Law Offices, Brooklyn, NY (D. Bunji Fromartz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and conversion, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 23, 2022. The order, insofar as appealed from, denied those branches of the defendants' motion which were, in effect, pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated July 13, 2021, which, upon an order of the same court (Ellen M. Spodek, J.) dated February 9, 2009, granting the plaintiff's motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendants in the total sum of $344,383, and thereupon, pursuant to CPLR 3404 to dismiss the complaint as abandoned.
ORDERED that the order dated March 23, 2022, is affirmed insofar as appealed from, with costs.
In 2007, the plaintiff, who leased an apartment from the defendants, commenced this action against the defendants, inter alia, to recover damages for assault and conversion of his property. The plaintiff subsequently moved for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint. In an order dated February 9, 2009, the Supreme Court granted the plaintiff's motion.
In or around November 2009, former counsel for the defendants moved pursuant to CPLR 5015(a) and 317 to vacate the defendants' default and to dismiss the complaint or, in the alternative, pursuant to CPLR 3012(d) for leave to serve a late answer. That motion was marked off the calendar on January 25, 2010.
After an inquest was held on the issue of damages in September 2019, a judgment dated July 13, 2021, was entered in favor of the plaintiff and against the defendants in the total sum of $344,383. The defendants, represented by new counsel, then moved, among other things, in effect, pursuant to CPLR 5015(a)(1) to vacate the judgment, and thereupon, pursuant to CPLR 3404 to dismiss the complaint as abandoned. In an order dated March 23, 2022, the Supreme Court, inter alia, denied those branches of the defendants' motion. The defendants appeal.
"A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the [*2]default and a potentially meritorious defense to the action" (Zirrith v Rego, 230 AD3d 626, 626 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Lewis, 232 AD3d 649, 651). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Zirrith v Rego, 230 AD3d at 627 [internal quotation marks omitted]). "Law office failure may be accepted as a reasonable excuse . . . , provided that such an excuse is supported by a detailed and credible explanation for the law office failure alleged to have caused the default" (Wells Fargo Bank, N.A. v Hakim, 230 AD3d 1271, 1273 [citation and internal quotation marks omitted]; see Yaghmour v Mittal, 208 AD3d 1283, 1287). "Mere neglect is not a reasonable excuse" (Wells Fargo Bank, N.A. v Hakim, 230 AD3d at 1273 [internal quotation marks omitted]).
Here, the defendants "offered only a conclusory and unsubstantiated claim of law office failure amounting to mere neglect" and, thus, failed to demonstrate a reasonable excuse for their default (id.; see HSBC Bank USA, N.A. v Joseph, 209 AD3d 633, 634). "Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to consider whether they had a potentially meritorious defense to the action" (Wells Fargo, N.A. v Hakim, 230 AD3d at 1273; see Yaghmour v Mittal, 208 AD3d at 1287-1288). Relatedly, since the judgment was entered upon the defendants' default and the defendants have failed to establish any grounds for relief from that judgment, the Supreme Court properly denied that branch of their motion which was pursuant to CPLR 3404 to dismiss the complaint as abandoned (see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952; Holubar v Holubar, 89 AD3d 802, 802).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were, in effect, pursuant to CPLR 5015(a)(1) to vacate the judgment, and thereupon, pursuant to CPLR 3404 to dismiss the complaint as abandoned.
The defendants' remaining contentions are without merit.
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court