■ KALMON DOLGIN AFFILIATES, INC., Respondent, v DOMENICK TONACCHIO, Defendant, and ITZHAK KATAN, Also Known as ISAAC KATAN, et al., Appellants. [973 NYS2d 304]—

In an action, inter alia, to recover damages for breach of contract, the defendants Itzhak Katan, also known as Isaac Katan, 267 Sixth Street, LLC, and Noreast Development Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 12, 2012, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first cause of ac-

tion insofar as asserted against the defendants Itzhak Katan, also known as Isaac Katan, and 267 Sixth Street, LLC, and the third and fourth causes of action insofar as asserted against the defendants 267 Sixth Street, LLC, and Noreast Development Corp.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Itzhak Katan, also known as Isaac Katan, 267 Sixth Street, LLC, and Noreast Development Corp. which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against the defendants Itzhak Katan, also known as Isaac Katan, and 267 Sixth Street, LLC, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Itzhak Katan, also known as Isaac Katan, 267 Sixth Street, LLC, and Noreast Development Corp. which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against the defendants 267 Sixth Street, LLC, and Noreast Development Corp., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Itzhak Katan, also known as Isaac Katan, 267 Sixth Street, LLC, and Noreast Development Corp.

The plaintiff commenced this action in May 2012, alleging, inter alia, that on or about February 19, 2009, it entered into a letter agreement with the defendants Domenick Tonacchio, Itzhak Katan, also known as Isaac Katan, and Noreast Development Corp. (hereinafter Noreast), pursuant to which those defendants and the defendant 267 Sixth Street, LLC (hereinafter 267), became obligated to pay the plaintiff a real estate broker's commission in the sum of $320,000. The plaintiff alleged that while it had been paid $160,000 of its commission, the defendants had defaulted on the payment of the balance of $160,000. In the order appealed from, the Supreme Court, in pertinent part, denied that branch of the motion of Katan, 267, and Noreast (hereinafter collectively the moving defendants) which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, which sought damages for breach of contract, insofar as asserted against Katan and 267. In addition, the court denied those branches of the moving defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action, which, respectively, sought to recover damages for unjust enrichment and to impose a constructive trust, insofar as asserted against 267 and Noreast.

"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Minovici v Belkin BV*, 109 AD3d 520, 521 [2013]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), the focus of the inquiry turns from whether the complaint states a cause of action to whether the plaintiff actually has one" (*QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 64 [2013]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[U]nless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d at 275; *see Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851-852 [2012]).

Here, the Supreme Court should have granted that branch of the moving defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against Katan and 267. The evidentiary material submitted by the moving defendants demonstrated that the plaintiff's allegation that it had entered into the letter agreement with Katan was "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). Specifically, the moving defendants' submissions conclusively demonstrated that Katan was not a signatory to the letter agreement, and that 267 was not referenced in that agreement. Since the moving defendants established that neither Katan nor 267 were signatories to the letter agreement, Katan and 267 cannot be bound by it (*see Randall's Is. Aquatic Leisure, LLC v City of New York*, 92 AD3d 463 [2012]; *Kopelowitz & Co., Inc. v Mann*, 83 AD3d 793, 797-798 [2011]; *Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d 677, 678 [2009]; *National Survival Game of N.Y. v NSG of LI Corp.*, 169 AD2d 760, 761 [1991]). Although the plaintiff alleged in an affidavit submitted by its president in opposition to the moving defendants' motion that it was led to believe that Tonacchio was a managing member of 267 and an officer, director, or shareholder of Noreast, and that Tonacchio was authorized to bind all parties to the letter agreement, there is nothing in the letter agreement to suggest that, in signing it, Tonacchio was also binding 267 or Katan to the terms of the letter agreement (*see Kopelowitz & Co., Inc. v Mann*, 83 AD3d at 798).

The Supreme Court also should have granted that branch of

the moving defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action insofar as asserted against 267 and Noreast. "[T]o obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise" (*Mei Yun Chen v Mei Wan Kao*, 97 AD3d 730, 730 [2012]). Here, the plaintiff failed to adequately plead a cause of action against 267 or Noreast for the imposition of a constructive trust, as the plaintiff failed to allege the existence of a confidential or fiduciary relationship with either of those entities, or that the plaintiff was in possession of property which it transferred in reliance on a promise of 267 or Noreast (*see Pfeiffer v Jacobowitz*, 29 AD3d 661, 662 [2006]; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 679-680 [2005]).

However, the Supreme Court properly denied that branch of the moving defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action insofar as asserted against 267 and Noreast. Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, a cause of action against 267 and Noreast to recover damages for unjust enrichment was adequately pleaded (*see generally Kopelowitz & Co., Inc. v Mann*, 83 AD3d at 798). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.