■ State Farm Mutual Automobile Insurance Company, Respondent, v Austin Diagnostic Medical, P.C., Appellant. [60 NYS3d 98]—

In an action for a judgment declaring that the plaintiff is not obligated to pay certain no-fault insurance benefits, the defendant appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered February 29, 2016, which denied its motion to extend its time to answer, or in the alternative, to compel the plaintiff to accept the untimely answer.

Ordered that the order is affirmed, with costs.

The plaintiff insurance company commenced this action against the defendant, seeking a judgment declaring that it was not obligated to pay certain no-fault insurance benefits because the defendant failed to appear for examinations under oath. The defendant filed an answer approximately 3½ months after the statutory time to file an answer had expired. The plaintiff rejected the answer as untimely, and the defendant

moved to extend its time to answer, or in the alternative, to compel the plaintiff to accept the untimely answer. The Supreme Court denied the motion, and the defendant appeals.

To compel the plaintiff to accept an untimely answer as timely or to extend the time for a defendant to answer, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (*see Ryan v Breezy Point Coop., Inc.*, 76 AD3d 523, 524 [2010]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]). Here, the defendant submitted an answer which was verified only by its attorney and an affirmation from its attorney who did not have personal knowledge of the facts. These documents were insufficient to demonstrate that the defendant had a potentially meritorious defense to the action (*see Salch v Paratore*, 60 NY2d 851 [1983]; *Ryan v Breezy Point Coop., Inc.*, 76 AD3d at 524; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.

Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.