Trokaik Realty, Inc. v HP Yuco, HDFC, Inc. (2020 NY Slip Op 07115)





Trokaik Realty, Inc. v HP Yuco, HDFC, Inc.


2020 NY Slip Op 07115


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-07806
 (Index No. 524679/17)

[*1]Trokaik Realty, Inc., respondent, 
v
HP Yuco, HDFC, Inc., et al., appellants.


Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Jerome S. Oliner of counsel), for appellants HP Yuco, HDFC, Inc., Yuco Builders, LLC, and 188 Partners, LLC.
Law Offices of Tromello & Fishman, Melville, NY (Jonathan P. Pirog of counsel), for appellant Bong Yu, PC.
David W. Graber, Great Neck, NY, for respondent.



DECISION & ORDER
In an action to recover damages for injury to property, the defendants HP Yuco, HDFC, Inc., Yuco Builders, LLC, and 188 Partners, LLC, appeal, and the defendant Bong Yu, PC, separately appeals, from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated June 6, 2019. The order denied the separate motions of the defendant Bong Yu, PC, and the defendants HP Yuco, HDFC, Inc., Yuco Builders, LLC, and 188 Partners, LLC, pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them and granted the plaintiff's cross motion pursuant to CPLR 3012(d) to extend the time to serve the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with one bill of costs payable to the defendants appearing separately and filing separate briefs, the separate motions of the defendant Bong Yu, PC, and the defendants HP Yuco, HDFC, Inc., Yuco Builders, LLC, and 188 Partners, LLC, pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them are granted, and the plaintiff's cross motion pursuant to CPLR 3012(d) to extend the time to serve the complaint is denied.
On December 22, 2017, the plaintiff commenced this action by filing a summons with notice with the New York State Courts Electronic Filing (hereinafter NYSCEF) system. On February 8, 2018, the defendant Bong Yu, PC (hereinafter Bong Yu), served a notice of appearance and demand for a complaint. On March 12, 2018, the defendants HP Yuco, HDFC, Inc., Yuco Builders, LLC, and 188 Partners, LLC (hereinafter collectively the Yuco defendants), served a separate notice of appearance and demand for a complaint. More than one year later, Bong Yu and the Yuco defendants separately moved pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them. The plaintiff opposed the motions and cross-moved pursuant to CPLR 3012(d) to extend the time to serve the complaint. In an order dated June 6, 2019, the Supreme Court denied the defendants' motions and granted the plaintiff's cross motion. The defendants appeal.
To avoid dismissal of the action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), and to be entitled to an extension of time to serve the complaint under CPLR 3012(d), a plaintiff must demonstrate both a reasonable excuse for the delay or default in serving the complaint and a potentially meritorious cause of action (see CPLR 3012[d]; Percival v Northwell Health Sys., 173 AD3d 916, 917; Ganchrow v Kremer, 157 AD3d 771, 772). Generally, the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court; however, reversal is warranted where the court improvidently exercises that discretion (see Ganchrow v Kremer, 157 AD3d at 772; Thompson v Steuben Realty Corp., 18 AD3d 864, 865). While the court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and unsubstantiated claim of law office failure does not amount to a reasonable excuse (see Okun v Tanners, 11 NY3d 762, 763; Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669).
Here, the Supreme Court improvidently exercised its discretion in denying the defendants' separate motions pursuant to CPLR 3012(b) to dismiss the action insofar as asserted against each of them and in granting the plaintiff's cross motion pursuant to CPLR 3012(d) to extend its time to serve the complaint. The excuse proffered by the plaintiff, that its counsel's office prepared a complaint, but "inadvertently" failed to obtain a verification and upload the complaint to the NYSCEF system, does not constitute a detailed and credible explanation of the delay of more than one year in serving the complaint after demands for the complaint had been made by the defendants (see CPLR 3012[b]; Islam v HPENY Hous. Dev. Fund Co., Inc., 182 AD3d 585; Mazzola v Village Hous. Assoc., LLC, 164 AD3d at 669). In light of the plaintiff's failure to demonstrate a reasonable excuse, we need not consider whether it had a potentially meritorious cause of action (see Mazzola v Village Hous. Assoc., LLC, 164 AD3d at 669).
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court