Dawkins v Isole (2022 NY Slip Op 04006)

Dawkins v Isole

2022 NY Slip Op 04006

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-06521
 (Index No. 59813/19)

[*1]Chantal Dawkins, appellant, 
v
Ralph J. Isole, et al., respondents.

Scott Gilman, New York, NY, for appellant.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (Rachel G. Kravitz of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated June 16, 2020. The order denied the plaintiff's motion for leave to enter a default judgment and granted the defendants' cross motion pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter a default judgment is granted, and the defendants' cross motion pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer is denied.
On July 4, 2018, while crossing a street in Yonkers, the plaintiff allegedly was struck by a vehicle driven by the defendant Ralph J. Isole and owned by the defendant City of Yonkers. On June 27, 2019, the plaintiff commenced this action against the defendants to recover damages for personal injuries. Isole was served with the summons and complaint on July 24, 2019, and the City was served on July 25, 2019. Neither defendant appeared or answered.
By notice of motion dated February 14, 2020, the plaintiff moved for leave to enter a default judgment. The defendants opposed the motion and cross-moved pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer. In an order dated June 16, 2020, the Supreme Court denied the motion and granted the cross motion. The plaintiff appeals.
To avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). "A defendant who moves pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of an answer is required to make a similar showing" (Yuxi Li v Caruso, 161 AD3d 1132, 1133). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]). "While the court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and unsubstantiated claim of law office failure does not amount to a [*2]reasonable excuse" (Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d 1281, 1282; see Okun v Tanners, 11 NY3d 762, 763; Mazzola v Village Hous. Assoc., LLC, 164 AD3d 668, 669).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment and granting the defendants' cross motion pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer. The excuse proffered by the defendants, that their counsel mistakenly thought that the case had settled, does not constitute a detailed and credible explanation for the delay of more than seven months in answering the complaint (see Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d at 1282; Lefcort v Samowitz, 165 AD3d 772; Ki Tae Kim v Bishop, 156 AD3d 776, 777; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989). In light of the defendants' failure to demonstrate a reasonable excuse, we need not consider whether they had a potentially meritorious defense to the action (see Mazzola v Village Hous. Assoc., LLC, 164 AD3d at 669).
BRATHWAITE NELSON, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court