Regateiro v Regateiro (2023 NY Slip Op 04144)

Regateiro v Regateiro

2023 NY Slip Op 04144

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-06958
 (Index No. 613482/17)

[*1]Armand Regateiro III, etc., respondent,
v
James Regateiro, appellant, et al., defendants.

Balfe & Holland, P.C., Melville, NY (Ruth O'Connor of counsel), for appellant.
Vincent M. Lentini, Manhasset, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, unjust enrichment, and conversion, the defendant James Regateiro appeals from a judgment of the Supreme Court, Suffolk County (George Nolan, J.), entered July 21, 2020. The judgment, insofar as appealed from, upon, among other things, an order of the same court dated March 8, 2019, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant James Regateiro and denying that branch of the motion of the defendant James Regateiro which was, in effect, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant James Regateiro in the principal sum of $395,000.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In July 2017, the plaintiff commenced this action against, among others, the defendant James Regateiro (hereinafter the defendant), seeking, inter alia, to recover damages for fraud, unjust enrichment, and conversion. The defendant failed to timely answer the complaint or appear in the action. In March 2018, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant. In October 2018, the defendant moved, inter alia, in effect, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. In an order dated March 8, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant and denied the defendant's motion, inter alia, in effect, to compel the plaintiff to accept his late answer. On July 21, 2020, following an inquest on the issue of damages, the court entered a judgment in favor of the plaintiff and against, among others, the defendant in the principal sum of $395,000. The defendant appeals.
"To avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (Dawkins v Isole, 206 AD3d 878, 878). "A defendant who moves pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of an answer is required to make a similar showing" (Yuxi Li v Caruso, 161 AD3d 1132, 1133). "Although a court has the discretion to accept law office failure as a reasonable excuse for a party's default (see CPLR 2005), such defaults should not be routinely excused, and mere neglect is not a reasonable excuse" [*2](Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 993 [internal quotation marks omitted]). "Where a claim of law office failure is conclusory and unsubstantiated or lacking in credibility, it should be rejected" (Campbell v TPK Heating, Ltd., 181 AD3d 642, 643).
Here, the defendant's conclusory and unsubstantiated assertions that his former attorney neglected his case and led him to believe that "everything was fine" were insufficient to establish a reasonable excuse for his default in answering the complaint or appearing (see U.S. Bank N.A. v Stathakis, 202 AD3d 1026, 1028). Since the defendant failed to establish a reasonable excuse for his default, it is unnecessary to determine whether he sufficiently demonstrated the existence of a potentially meritorious defense (see Citmortgage, Inc. v Barton, 212 AD3d 706, 708). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant and denied that branch of the defendant's motion which was, in effect, to compel the plaintiff to accept his late answer.
"The sole issue to be determined at an inquest is the extent of damages sustained by the plaintiff" (LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d 928, 930 [internal quotation marks omitted]; see CPLR 3215[a]; Dominguez v Malecon Shipping, Inc., 211 AD3d 913, 914). Here, in view of the evidence submitted at the inquest, the Supreme Court properly awarded the plaintiff damages in the principal sum of $395,000.
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court