King v 105-02 Forest Hills, LLC (2024 NY Slip Op 06565)

King v 105-02 Forest Hills, LLC

2024 NY Slip Op 06565

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-06030
 (Index No. 709772/22)

[*1]Stephanie King, appellant, 
v
105-02 Forest Hills, LLC, respondent.

Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Charles Haviv and Albert I. Cohen of counsel), for appellant.
Gartner + Bloom, P.C., New York, NY (Lauren M. Sevigny of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered June 7, 2023. The order denied the plaintiff's motion for leave to enter a default judgment and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept its untimely answer.
ORDERED that the order is affirmed, with costs.
On February 21, 2021, the plaintiff allegedly was injured when she slipped and fell on "packed snow and ice" on a sidewalk. By summons and complaint dated May 5, 2022, the plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant had a duty to maintain the sidewalk and that the packed snow and ice was a "trap-like" condition. On May 13, 2022, the plaintiff served the defendant pursuant to Business Corporation Law § 306 by delivering copies of the summons and complaint to the Secretary of State. The defendant served an answer to the complaint on September 14, 2022, verified by the defendant's attorney, inter alia, asserting an affirmative defense that the condition "mentioned in the Plaintiff's Complaint," i.e., the packed snow and ice, was "open, obvious and apparent." On September 15, 2022, the plaintiff rejected the answer as untimely.
In March 2023, the plaintiff moved for leave to enter a default judgment against the defendant based, among other things, upon the plaintiff's affidavit, stating that she fell on "packed snow and ice," which she claimed covered the "entire sidewalk" and further claimed was "from a prior snowstorm that occurred approximately two (2) days prior" to the accident. The defendant cross-moved, inter alia, to compel the plaintiff to accept its untimely answer. The defendant submitted, among other things, proof of the Secretary of State's certified mailing of the summons and complaint to the defendant on August 15, 2022, and the defendant's receipt thereof on August 22, 2022, and relied upon the answer served on September 14, 2022.
"To avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially [*2]meritorious defense to the action" (Dawkins v Isole, 206 AD3d 878, 878; see Rosenzweig v Gubner, 194 AD3d 1086, 1089; Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). "'A defendant who moves pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of an answer is required to make a similar showing'" (Dawkins v Isole, 206 AD3d at 878, quoting Yuxi Li v Caruso, 161 AD3d 1132, 1133; see Wells Fargo Bank, N.A. v Hernandez, 204 AD3d 958, 960). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Browne v Lyft, Inc., 219 AD3d 443, 444 [internal quotations marks omitted]; see Dawkins v Isole, 206 AD3d at 879; Yuxi Li v Caruso, 161 AD3d at 1134).
Here, the Supreme Court providently exercised its discretion in determining that the defendant proffered a reasonable excuse for its default. The record established that although the plaintiff served the Secretary of State on May 13, 2022, the Secretary of State did not mail the summons and complaint to the defendant until August 15, 2022, and that the defendant did not receive the summons and complaint until August 22, 2022. Accordingly, the defendant's delay in interposing an answer was reasonable (see Browne v Lyft, Inc., 219 AD3d at 445; Yuxi Li v Caruso, 161 AD3d at 1134).
Further, the defendant alleged potentially meritorious defenses. The defendant's answer was verified only by its attorney, and the defendant submitted an affirmation from its attorney, who did not have personal knowledge of the facts (see Pemberton v Montoya, 216 AD3d 988, 990; Loughran v Giannoti, 160 AD3d 709, 710; State Farm Mut. Auto. Ins. Co. v Austin Diagnostic Med., P.C., 153 AD3d 576, 577). However, the answer asserted, inter alia, an affirmative defense that the condition was "open, obvious and apparent" and, thus, was not a trap-like condition as alleged in the complaint (see Flores v Harvest Moon Farm & Orchard, 206 AD3d 623; Grosskopf v Beechwood Org., 166 AD3d 860; Dello v State of New York, 105 AD2d 571). Although it appears that the plaintiff sought to refute that defense with assertions that the packed snow and ice covered the entire sidewalk—and presumably could not have been avoided—and further sought to refute other potential defenses with allegations as to when the condition arose, the viability of the defendant's potentially meritorious defenses is best resolved after issue has been joined.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court