DiCarlo v Russo Law Group, P.C. (2025 NY Slip Op 00843)

DiCarlo v Russo Law Group, P.C.

2025 NY Slip Op 00843

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-03090
 (Index No. 603659/19)

[*1]Thomas Barney DiCarlo, etc., et al., respondents,
v
Russo Law Group, P.C., etc., et al., appellants.

Kaufman Borgeest & Ryan LLP, Valhalla, NY (Rebecca A. Barrett, David Bloom, and Lisa Fleischmann of counsel), for appellants.
Randy Scott Zelin P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated March 31, 2021. The order denied the defendants' motion pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint, or, in the alternative, pursuant to CPLR 3211(a) to dismiss the complaint, or, in the alternative, to stay the action pursuant to CPLR 2201.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the defendants' motion which was pursuant to CPLR 3012(b) to dismiss the action is granted, the remaining branches of the defendants' motion are denied as academic, and so much of an order of the same court entered December 10, 2021, as granted the plaintiffs' motion for leave to amend the complaint is vacated.
On March 15, 2019, the plaintiffs commenced this action by filing a summons with notice through the New York State Courts Electronic Filing System. On May 16, 2019, the defendants Russo Law Group, P.C., Jeffrey R. Neuman, Kim N. Christian, and Frank L. Buquicchio served a notice of appearance and demand for a complaint. On June 20, 2019, the defendant Emily Rothenberg also served a notice of appearance and demand for a complaint. The plaintiffs and Russo Law Group, P.C., Neuman, Christian, and Buquicchio entered into a stipulation dated June 1, 2019 (hereinafter the June 2019 stipulation), extending the plaintiffs' time to serve a complaint through and including July 8, 2019.
The plaintiffs did not serve the defendants with a complaint until on or about December 8, 2020, more than one year later. The defendants moved pursuant to CPLR 3012(b) to dismiss the action for failure to timely serve a complaint, or, in the alternative, pursuant to CPLR 3211(a) to dismiss the complaint, or, in the alternative, to stay the action pursuant to CPLR 2201. In an order dated March 31, 2021, the Supreme Court denied the motion. The defendants appeal.
"'To avoid dismissal for failing to timely serve a complaint after a demand has been made pursuant to CPLR 3012(b), and to be entitled to an extension of time to serve the complaint under CPLR 3012(d), a plaintiff [must] demonstrate both a reasonable excuse for the delay and a potentially meritorious cause of action'" (Belli v Belli, 207 AD3d 617, 618, quoting Percival v [*2]Northwell Health Sys., 173 AD3d 916, 917). "Generally, the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court; however, reversal is warranted where the court improvidently exercises that discretion" (Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d 1281, 1282).
Here, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was pursuant to CPLR 3012(b) to dismiss the action. While settlement negotiations in certain instances may constitute a reasonable excuse for a default, here, contrary to the plaintiffs' contention, the plaintiffs failed to demonstrate that the parties were actively engaged in settlement negotiations so as to excuse the delay in serving the complaint more than one year past the deadline set forth in the June 2019 stipulation (see Timmerman v Gentile, 224 AD3d 862, 863; Luksic v Killmer, 100 AD2d 864, 864). In light of the plaintiffs' failure to demonstrate a reasonable excuse, we need not consider whether they had a potentially meritorious cause of action (see Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d at 1282).
The defendants' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court