Iyageh v Iyageh (2025 NY Slip Op 04164)

Iyageh v Iyageh

2025 NY Slip Op 04164

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-11313
 (Index No. 14668/15)

[*1]Victoria Iyageh, respondent, 
v
Victor O. Iyageh, et al., appellants.

Shiryak Bowman Anderson Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh, Dustin Bowman, and Kimberly Wroblewski of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendants appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 17, 2023. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to certain real property located in Kings County. The plaintiff alleged that she was the fee simple owner of the property but sought to place it in a trust for her and her six children while retaining a life estate for herself as tenant in possession of the property. According to the plaintiff, she subsequently learned that a title company did not properly file a deed to the property so as to convey title in trust for her and her six children, but rather filed the deed so as to convey title to her and her six children as joint tenants.
The defendants failed to timely appear or answer the complaint. The defendants moved to vacate their default, and thereafter, pursuant to a stipulation, the defendants' time to serve an answer was extended to May 11, 2022. The defendants failed to serve an answer by the deadline. On January 26, 2023, the defendants served an answer to the complaint. The plaintiff rejected the defendants' answer as untimely.
The defendants moved pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer. The plaintiff, among other things, opposed the motion. In an order dated August 17, 2023, the Supreme Court, inter alia, denied the motion. The defendants appeal.
A motion pursuant to CPLR 3012(d) to compel a plaintiff to accept a late answer requires the movant to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense (see Raphael v City of Peekskill, 237 AD3d 1232). Where a defendant fails to demonstrate a reasonable excuse for its default, the court need not consider whether the defendant demonstrated the existence of a potentially meritorious defense (see Trokiak Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d 1281).
Here, the defendants contended that their claim of law office failure constituted a reasonable excuse for their failure to timely answer the complaint. A conclusory, undetailed, and unsubstantiated claim of law office failure does not amount to a reasonable excuse (see id. at 1282). The defendants offered merely conclusory statements regarding their failure to serve an answer by the deadline agreed to in the stipulation. Moreover, the record shows that the defendants engaged in repeated delays that gave rise to an inference of dilatory conduct (see Yaghmour v Mittal, 208 AD3d 1283, 1287).
As the defendants failed to demonstrate a reasonable excuse for their default, this Court need not consider whether the defendants demonstrated the existence of a potentially meritorious defense (see Trokiak Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d at 1282).
Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court