659 Holding LLC v L&L Assoc. Holding Corp. (2025 NY Slip Op 51210(U))

[*1]

659 Holding LLC v L&L Assoc. Holding Corp.

2025 NY Slip Op 51210(U)

Decided on July 30, 2025

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 30, 2025
Supreme Court, Nassau County

659 Holding LLC, Plaintiff,

against
L&L Associates Holding Corp., Nassau County CLERK'S OFFICE, 
 AND JOHN DOE # 1-5 AND ABC CORP. #1-5 these last ten names being fictitious and unknown to the plaintiff, the persons or entities intended being the tenants, occupants, person or corporations, if any, having or claiming an interest in or lien upon the property described in the complaint, Defendants.
L&L ASSOCIATES HOLDING CORP., Third-Party Plaintiff,
against
COUNTY OF NASSAU, NASSAU COUNTY TREASURER, AAA NADERI HOLDINGS LLC, AHMED NADERI, BANKUNITED, N.A., 
 and RICHARD ROE # 1-5 and XYZ CORP. # 1-5 these last ten names being fictitious and unknown to the L&L Assocs., the persons or entities intended being the persons who received he proceeds of the sale of the property described in the complaint, Third-Party Defendants.

Index No. 602430/2024

Sarika Kapoor, J.

NYSCEF Docs. 22-58, 67-71, 78-112, 117-122, 127-143 were read and considered in deciding this motion.
Relief Requested
The plaintiff moves for summary judgment on the complaint insofar as asserted against the defendant L&L Associates Holding Corp. (hereinafter L&L) and pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Nassau County Clerk's Office (hereinafter County Clerk) (motion seq. 001).
The County Clerk cross-moves pursuant to CPLR 3012(d) for leave to file a late answer with counterclaims and crossclaims (motion seq. 002).
L&L cross-moves for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that the plaintiff and BankUnited had notice of L&L's interest when they acquired their respective interests; on its first third-party cause of action (denominated as a first crossclaim), "for judgment in the amount of $1.8 million against the County of Nassau for breach of statutory duty by the Treasurer for failing timely to record the L&L tax deed"; on its second and third third-party causes of action (denominated as a second and third crossclaims, respectively), "for judgment in the amount of $1.8 million against co-tortfeasors AAA Naderi Holdings LLC and Ahmad Naderi for the misappropriation of L&L's ownership interest and the slander of its title by uttering, executing, and delivered a deed to realty they knew was owned by L&L" (motion seq. 003).
The third-party defendants (denominated as crossclaim defendants) Naderi Holdings LLC and Ahmad Naderi (hereinafter together the Naderi defendants) cross-move pursuant to CPLR 3211(a)(7) to dismiss L&L's second and third third-party causes of action (denominated as second and third crossclaims, respectively), and pursuant to CPLR 3025 for leave to amend their answer to assert an additional affirmative defenses if this Court deems L&L's answer to include a claim for "slander of title" (motion seq. 004).

Background
On or about November 16, 2017, AAA Naderi Holdings LLC (hereinafter AAA) purchased the subject property from Debra Fiorentino. Also on November 16, 2017, AAA executed a mortgage in favor of the Estate of Salvatore Fiorentino in the initial principal amount of $415,000. AAA's mortgage was recorded simultaneously with the AAA deed in the Nassau County Clerk's Office on December 7, 2017. 
On or about November 29, 2022, L&L purportedly purchased the subject property at an auction from David Y. Chiang, as the Treasurer of the County of Nassau. L&L's deed was not recorded at the time of this purported purchase.
On March 31, 2023, the plaintiff purchased the subject property from AAA. Also on March 31, 2023, the plaintiff executed a mortgage in favor of BankUnited, N.A. (hereinafter BankUnited), in the initial principal amount of $896,000. The plaintiff's mortgage and deed were simultaneously recorded in the Nassau County Clerk's Office on April 13, 2023. 
On or about June 8, 2023, which was after the plaintiff purchased the subject property from AAA and recorded its deed, L&L recorded its deed dated November 29, 2022, in the Nassau County Clerk's Office.
On February 8, 2024, the plaintiff commenced this action pursuant to RPAPL article 15 to quiet title. On March 5, 2024, L&L filed its verified answer with a counterclaim, a cross-claim and, in effect, third-party causes of action which are incorrectly denominated as [*2]crossclaims.[FN1]
L&L's counterclaim against the plaintiff seeks a judgment declaring that L&L is the rightful fee owner of the subject property. L&L's first third-party cause of action is against the County of Nassau and the County Treasurer, and alleges that they failed to timely record L&L's tax deed. L&L's second third-party cause of action is against AAA, and alleges that AAA sold the property to the plaintiff when AAA knew that L&L's tax deed hadn't been recorded and, thus, AAA was unjustly enriched with the sum of $1.8 million. L&L's third third-party cause of action is against Ahmad Naderi, and alleges that he actually or constructively fraudulently received proceeds of the sale.

That Branch of Motion Sequence 001 Which is Pursuant to CPLR 3215 for Leave to Enter a 
 Default Judgment against the County Clerk, and Motion Sequence 002
The plaintiff moves, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment against the County Clerk (motion seq. 001). Counsel for the plaintiff contends that the County Clerk was duly served and failed to timely respond to the complaint.
The County Clerk opposes that branch of the plaintiff's motion which is for leave to enter a default judgment against it and cross-moves pursuant to CPLR 3012(d) for leave to serve a late answer with counterclaims and cross-claims (motion seq. 002). Counsel for the County Clerk contends that the plaintiff cannot be awarded a default judgment against the County Clerk because the County Clerk is a nominal defendant against whom no direct claims have been asserted. Counsel also contends that the County Clerk has a reasonable excuse for failing to timely answer the complaint, namely, law office failure. Counsel also contends that the County Clerk has a meritorious defense, namely, failure to state a cause of action.
In opposition to motion sequence 002 and in reply in further support of motion sequence 001, counsel for the plaintiff argues that the County Clerk's bare assertion of law office failure is insufficient to constitute a reasonable excuse. Counsel also contends that the County Clerk failed to establish a meritorious defense because it did not submit any admissible evidence in support of its cross-motion. 
In reply, counsel for the County Clerk reiterates the contentions that the County Clerk has a reasonable excuse and a potentially meritorious defense and that, as a nominal defendant, a default judgment cannot be entered against it.

Discussion
"Pursuant to CPLR 3215, a plaintiff moving for leave to enter a default judgment must file proof of: (1) service of the summons and complaint, (2) the facts constituting the claim, and (3) default by the defendant" (Gold v Wallace, 230 AD3d 1113, 1115 [2d Dept 2024]). Here, while the plaintiff submitted proof of service of the summons and complaint and proof of default [*3]by the County Clerk, the plaintiff failed to submit proof of the facts constituting the claim insofar as asserted against the County Clerk. Accordingly, that branch of the plaintiff's motion which is pursuant to CPLR 3215 for leave to enter a default judgment against the County Clerk must be denied.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default. As relevant here, [t]o extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action. Generally, [t]he determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (OneWest Bank, N.A. v Jacobs, 234 AD3d 983, 984-985 [2d Dept 2025] [citations and internal quotation marks omitted]). "The court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Funding NY, LLC v 1237 Dean St. Corp., 227 AD3d 1050, 1052 [2d Dept 2025]).
Here, the County Clerk's assertions that its default was caused by law office failure, specifically, by a delay in the forwarding the summons and complaint from the County Clerk's office to the Nassau County Attorney's office, and that the County Clerk initially had no interest in the outcome of this action, are conclusory and unsubstantiated, and therefore, these assertions are insufficient to constitute a reasonable excuse (see Iyageh v Iyageh, ___ AD3d ___, ___; 2025 NY Slip Op 04164, *3 [2d Dept 2025]; Funding NY, LLC v 1237 Dean St. Corp., 227 AD3d at 1052; Dawkins v Isole, 206 AD3d 878, 878 [2d Dept 2022]). In light of the County Clerk's failure to provide a reasonable excuse, it is unnecessary to determine whether it has a potentially meritorious defense.

That Branch of Motion Sequence 001 Which Is For Summary Judgment On The Complaint
 Insofar As Asserted Against L&L, and That Branch of Motion Sequence 003 Which Is For 
 Summary Judgment Dismissing the Complaint Insofar As Asserted Against L&L And For A
 Judgment Declaring That The Plaintiff and BankUnited Had Notice Of L&L's Interest When
 They Acquired Their Respective Interests In The Subject Property
The plaintiff moves, inter alia, for summary judgment on the complaint insofar as asserted against L&L (motion seq. 001). Counsel for the plaintiff argues that the plaintiff's interest in the property is superior to L&L's under Real Property Law § 291 because at the time the plaintiff purchased the property, L&L's deed had not yet been recorded. Counsel also contends that tax liens are not part of the chain of title. Annexed as an exhibit to the plaintiff's motion papers is, among other things, an affidavit of Thomas Gebert, the President and Chief Counsel of Primary Land Services LLC, which is the title company that was retained by the plaintiff to perform a title search in purchasing the property. Gebert states that Primary performed several searches, including a tax search on December 6, 2022. Then, on March 14, 2023, "the first tax search continuation was run" and it was determined that a tax lien was paid on January 27, 2023, and Primary confirmed by phone that it was AAA who paid the amount owed. Gebert states that it is his understanding that AAA paid the outstanding tax liens because the Treasurer had issued a bill to AAA on December 6, 2022, with figures computed to December 31, 2022, and AAA had confirmed the same with Primary. Gebert states that this is [*4]meaningful because if the outstanding amount had already been paid by L&L, and if the property had already been deeded to L&L on November 29, 2022, then the Treasurer should not have issued a tax bill to AAA in December 2022 and accepted payment from AAA in January 2023.
L&L opposes the plaintiff's motion and cross-moves, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that the plaintiff and BankUnited had notice of L&L's interest when they acquired their respective interests in the subject property (motion seq. 003). Counsel for L&L contends that, at the time the plaintiff purchased the property, the Nassau County Treasurer's records reflected that a tax lien had been issued. Counsel contends that the plaintiff admits in the Gerbet affidavit that it searched the Treasurer's tax records and, as such, Real Property Law § 291 is not dispositive.
In opposition to L&L's cross-motion and in reply in further support of its motion, counsel for the plaintiff reiterates that it is undisputed that the plaintiff's deed was recorded before L&L's deed was recorded, and therefore, the plaintiff is a bona fide purchaser for value. Counsel also contends that tax bills are not land records. 
In an attorney affirmation in reply, counsel for L&L contends that the phone call made by the plaintiff to AAA regarding taxes, wherein AAA told the plaintiff that AAA had paid taxes, was insufficient, and the plaintiff should have called the Treasurer or L&L to inquire.

Discussion
"The New York Recording Act . . . protects a good faith purchaser for value from an unrecorded interest in a property, provided such a purchaser's interest is first to be duly recorded. A conveyance of property that is not recorded is void as against any person who subsequently purchases or acquires the property in good faith and for a valuable consideration, and whose conveyance is first duly recorded" (Kearny Bank v. Beaux Equities, LLC, 237 AD3d 1181, 1182 [2d Dept 2025] [citations and internal quotation marks omitted]; see Real Property Law § 291). "However, [t]he status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such. If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed. Therefore, to establish itself as a bona fide purchaser for value, a party has the burden of proving that it purchased the property for valuable consideration and did not have knowledge of facts that would lead a reasonably prudent purchaser to make inquiry" (Bello v Ouellette, 211 AD3d 784, 785 [2d Dept 2022 [citations and internal quotation marks omitted]).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against L&L by demonstrating that it did not have actual knowledge of L&L's unrecorded deed and that it, through Primary, satisfied its duty to inquire regarding the tax lien (see id. at 1182). In opposition, L&L failed to raise a triable issue of fact. L&L's contention that the plaintiff was obligated to further investigate tax records is without merit (see Doyle v Lazarro, 33 AD2d 142, 144 [3d Dept 1970]). Accordingly, that branch of the plaintiff's motion which is for summary judgment on the complaint insofar as asserted against L&L must be granted.
In light of the foregoing, those branches of L&L's cross-motion which are for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring [*5]that the plaintiff and BankUnited had notice of L&L's interest when they acquired their respective interests in the subject property must be denied.

That Branch Of Motion Sequence 003 Which Is For Summary Judgment on L&L's First Third-Party 
 Cause Of Action (Denominated As A First Crossclaim), seeking "judgment in the amount
 of $1.8 million against the County of Nassau for breach of statutory duty by the Treasurer for
 failing timely to record the L&L tax deed"
In support of that branch of L&L's cross-motion which is for summary judgment on its first third-party causes of action, counsel for L&L contends that the County is liable to it in the sum of $1.8 million for its failure to timely record its tax deed.
In opposition, counsel for the County defendants argues that, pursuant to Nassau County Administrative Code § 5-56.0, the County cannot be liable because the County's execution and filing of a tax deed is a nonproprietary and discretionary act, and even if it is considered a ministerial act, no statutory/special duty was breached. Moreover, counsel for the County contends that, even if the County could be held liable, it would only be responsible for repaying the value of the lien that L&L held on the property, not $1.8 million. Annexed as an exhibit to the County's opposition papers is, among other things, an affidavit from Andrew Casillo, who is a Tax Collection and Claims Settlement Supervisor for the Nassau County Treasurer. Casillo states, inter alia, that "in order to file a deed with the Nassau County Clerk's Office, tax deed applicants need to sign tax transfer documents, including TP-584 and RP-5217, and purchase a tax map verification letter from the Nassau County Tax Assessment Office . . . [and] [b]ased on the records in the Treasurer's Office's file, Manny Raposo, who upon information and belief is an agent of L&L . . . provided the tax map verification letter to file the Tax Deed [to] the County some time on or after June 6, 2023."
In reply, counsel for L&L contends that the County was required to record the tax need pursuant to the Nassau County Administrative Code. Counsel contends that recording a deed is a propriety function that is typically performed in a day or two. Counsel further contends the County's contention that the tax map verification letter wasn't received until June 2023 is false. Counsel contends that this was submitted to the Treasurer in June 2022, and then, in May 2023, the County requested a second replacement check for the "tax map verification" from L&L as a result of the County losing a class action lawsuit which required the fee to be reduced from $355 to $270.

Discussion
"Under the doctrine of governmental function immunity, [g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (Hershkovitz v Brown, 234 AD3d 946, 947 [2d Dept 2025]) [internal quotation marks omitted]). "'[C]laimants must first establish the existence of a special duty owed to them by the State before it becomes necessary to address whether the State can rely upon the defense of governmental immunity'" (Flagstar Bank, FSB v State of New York, 114 AD3d 138, 143 [2d Dept 2013], quoting Metz v State of New York, 20 NY3d 175, 179 [2012]). "Thus, if it is determined that the State owes no special duty of care to the claimant, then the State has not breached a duty of care, [*6]and it becomes unnecessary to determine whether the defense of sovereign immunity applies, or whether the specific act of the public official is classified as discretionary or ministerial" (Flagstar Bank, FSB v State of New York, 114 AD3d at 143).
"A 'special duty' is 'a duty to exercise reasonable care toward the plaintiff,' and is 'born of a special relationship between the plaintiff and the governmental entity'" (id., quoting Pelaez v Seide, 2 NY3d 186-189 [2004]). "'A special relationship can be formed three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation'" (Flagstar Bank, FSB v State of New York, 114 AD3d at 143, quoting Pelaez v Seide, 2 NY3d at 199-200).
Here, L&L failed to demonstrate, prima facie, that the County owed it a special duty (see generally Flagstar Bank, FSB v State of New York, 114 AD3d at 144-148). Since the L&L failed to meet its prima facie burden, that branch of its motion which is for summary judgment on its first third-party cause of action must be denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Those Branches of Motion Sequence 003 Which Are For Summary Judgment On L&L's Second and Third Third-Party Cause of Action (Denominated As Second And Third Crossclaims, Respectively), "for judgment in the amount of $1.8 million against co-tortfeasors AAA Naderi Holdings LLC and Ahmad Naderi for the misappropriation of L&L's ownership interest and the slander of its title by uttering, executing, and delivered a deed to realty they knew was owned by L&L" and Motion Sequence 004
In support of those branches of L&L's cross-motion which are for summary judgment on its second and third third-party causes of action, counsel for L&L contends that, at a minimum, the Naderi defendants are liable for slander of title.
The Naderi defendants oppose L&L's cross-motion and cross-move pursuant to CPLR 3211(a)(7) to dismiss L&L's second and third third-party causes of action, and pursuant to CPLR 3025 for leave to amend their answer to assert additional affirmative defenses if this Court deems L&L's answer to include a claim for "slander of title." Counsel for the Naderi defendants first notes that the second third-party cause of action is asserted against only AAA. Counsel then contends that the second third-party cause of action must be dismissed because L&L failed to properly plead unjust enrichment or constructive trust. With regard to unjust enrichment, counsel contends that L&L failed to allege that AAA was unjustly enriched at L&L's expense. With regard to constructive trust, counsel contends that there is no fiduciary or confidential relationship. Counsel also contends that, to the extent the second third-party cause of action can be construed to allege slander of title, the L&L failed to allege malice or spite. With respect to the third third-party cause of action, counsel contends that L&L cannot pierce the corporate veil to recover from Ahmad Naderi individually because Naderi was acting in his official capacity with respect to AAA. Counsel also contends that L&L failed to allege any claims of slander of title prior to the filing of its motion papers. Counsel also contends that AAA paid outstanding taxes at the time of closing.
In opposition to the Naderi defendants' cross motion and in reply in further support of its [*7]cross-motion, counsel of L&L contends that the Naderi defendants failed to submit proof that they paid outstanding taxes.
In reply, counsel for the Naderi defendants reiterates the contentions raised in the moving papers.

Discussion
"When deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Where . . . evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Popal v DiLorenzo, 231 AD3d 1067, 1068 [2d Dept 2024] [citations and internal quotation marks omitted]).
That branch of the Naderi defendants' cross-motion which is pursuant to CPLR 3211(a)(7) to dismiss the third third-party cause of action, which seeks hold Ahmad Naderi personally liable AAA's alleged wrongdoing, must be granted, as New York does not recognize piecing the corporate veil as a stand alone cause of action (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750, 751-752 [2d Dept 2025]) and, in any event, the plaintiff failed to allege that Ahmad Naderi exercised complete domination and control over AAA (see Allstate ATM Corp. v E.S.A. Holding Corp., 98 AD3d 541, 541-542 [2d Dept 2012]).
That branch of the Naderi defendants' cross-motion which is pursuant to CPLR 3211(a)(7) to dismiss so much of the second third-party cause of action as seeks to impose a constructive trust must be granted, as L&L failed to allege a fiduciary or confidential relationship with AAA (see Parizat v Meron, 231 AD3d 736, 740 [2d Dept 2024]).
That branch of the Naderi defendants' cross-motion which is pursuant to CPLR 3211(a)(7) to dismiss so much of the second third-party cause of action as alleges unjust enrichment must be denied as, accepting the facts alleged as true and according L&L the benefit of every favorable inference, this cause of action was adequately pleaded (see generally Kalmon Dolgin Affiliates, Inc. v Tonacchio, 110 AD3d 848, 851 [2d Dept 2013]).
That branch of the Naderi defendants' cross motion which is pursuant to CPLR 3211(a)(7) to dismiss so much of the second third-party cause of action as alleges slander of title must be denied as, this cause of action was adequately pleaded (see generally 39 Coll. Point Corp. v. Transpac Capital Corp., 27 AD3d 454, 455 [2d Dept 2006]).
Since this Court is construing the second third-party cause of action as alleging slander of title, that branch of the Naderi defendants' cross-motion which is pursuant to CPLR 3025 for leave to amend their answer to assert an additional affirmative defenses is granted.
In light of this Court's determination granting those branches of the Naderi defendants' cross-motion pursuant to CPLR 3211(a)(7) which are to dismiss the third third-party cause of action and so much of the second third-party cause of action as seeks to impose a constructive trust, those branches of L&L's cross-motion which are for summary judgment on issues must be denied.
Those branches of L&L's cross-motion which are for summary judgment on so much of the second third-party cause of action as alleges unjust enrichment and slander of title must be denied, there are numerous triable issues of fact regarding whether AAA was unjustly enriched and whether the elements of slander of title have been satisfied.

Conclusion
Based on the foregoing, it is hereby
ORDERED that the branch of the plaintiff's motion which is for summary judgment on the complaint insofar as asserted against L&L (motion seq. 001) is GRANTED; and it is further,
ORDERED that the branch of the plaintiff's motion which is pursuant to CPLR 3215 for leave to enter a default judgment against the County Clerk (motion seq. 001) is DENIED; and it is further,
ORDERED that the County Clerk's cross-motion pursuant to CPLR 3012(d) for leave to file a late answer with counterclaims and crossclaims (motion seq. 002) is DENIED; and it is further,
ORDERED that L&L cross-motion for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that the plaintiff and BankUnited had notice of L&L's interest when they acquired their respective interests in the subject property; on its first third-party cause of action (denominated as a first crossclaim), "for judgment in the amount of $1.8 million against the County of Nassau for breach of statutory duty by the Treasurer for failing timely to record the L&L tax deed"; on its second and third third-party causes of action (denominated as second and third crossclaims, respectively), "for judgment in the amount of $1.8 million against co-tortfeasors AAA Naderi Holdings LLC and Ahmad Naderi for the misappropriation of L&L's ownership interest and the slander of its title by uttering, executing, and delivered a deed to realty they knew was owned by L&L" (motion seq. 003) is DENIED; and it is further,
ORDERED that the branch of the cross-motion of the third-party defendants AAA Naderi Holdings LLC and Ahmad Naderi which is pursuant to CPLR 3211(a)(7) to dismiss so much of L&L's second third-party cause of action (denominated as second crossclaim) as seeks to impose a constructive trust (motion seq. 004) is GRANTED; and it is further,
ORDERED that the branch of the cross-motion of the third-party defendants AAA Naderi Holdings LLC and Ahmad Naderi which is pursuant to CPLR 3211(a)(7) to dismiss so much of L&L's second third-party cause of action (denominated as second crossclaim) as alleges unjust enrichment (motion seq. 004) is DENIED; and it is further,
ORDERED that the branch of the cross-motion of the third-party defendants AAA Naderi Holdings LLC and Ahmad Naderi which is pursuant to CPLR 3211(a)(7) to dismiss so much of L&L's second third-party cause of action (denominated as second crossclaim) as alleges slander of title (motion seq. 004) is DENIED; and it is further,
ORDERED that the branch of the cross-motion of the third-party defendants AAA Naderi Holdings LLC and Ahmad Naderi which is pursuant to CPLR 3211(a)(7) to dismiss L&L's third third-party cause of action (denominated as third crossclaim) (motion seq. 004) is GRANTED; and it is further,
ORDERED that the branch of the cross-motion of the third-party defendants AAA Naderi Holdings LLC and Ahmad Naderi which is pursuant to CPLR 3025 for leave to amend [*8]their answer to assert an additional affirmative defenses regarding slander of title (motion seq. 004) is GRANTED; and it is further,
ORDERED that within 30 days of the date of this decision and order, the third-party defendants AAA Naderi Holdings LLC and Ahmad Naderi shall file their amended answer; and it is further,
ORDERED that pursuant to the provisions of 22 NYCRR 202.19 and 22 NYCRR 202.23, a preliminary conference will be scheduled in this matter within 30 days after the date of this decision and order.
The parties' remaining contentions have been considered and do not warrant discussion.
Any request for relief not specifically granted herein is DENIED.
This shall constitute the decision and order of this Court.
Dated: July 30, 2025
Mineola, NY
HON. SARIKA KAPOOR, A.J.S.C.

Footnotes

Footnote 1:In the main action that was commenced by the plaintiff, the County of Nassau, the Nassau County Treasurer, AAA, Ahmad Naderi, and BankUnited, N.A., are not codefendants of L&L and, therefore, L&L's "crossclaims" against those parties are, in actuality, third-party causes of action.